JOSEPH BRENNAN,
      Plaintiff,

  -vs-                                  Case No. 12-10551
                                              Hon. Robert H. Cleland

NATIONAL ACTION FINANCIAL SERVICES, INC.,
      Defendant.

## STIPULATED BLANKET PROTECTIVE ORDER

It appears that discovery and production of documents by parties and third parties may be the proper subject of a protective order under Fed.R.Civ.P.26(c), and that each of the parties will likely seek such protection for information to be produced in discovery. In order to assist in the timely completion of discovery without undue delay or unnecessary motion practice, the Court enters this Protective Order.

This Order governs the disclosure of materials by parties to this action, as well as third-party discovery respondents, each of whom will be referred to throughout the remainder of this order as "party(ies)" unless specifically stated otherwise. The entry of this Order does not prejudice the rights of any third-party respondent to discovery who may (at their election) avail themself of the protections and procedures provided by this order or to move for any other form of protection which they deem fit as provided by the Federal Rules.

**1.**       **Confidentiality as a Basis of Non-Disclosure.**

Having provided the parties a mechanism for the protection of information to be disclosed under the rules of discovery, except as provided elsewhere in this order, no party responding to discovery may assert the confidential nature, trade secret status, or privacy concerns as a basis of non-disclosure either in response to written discovery or deposition questions. Nothing in this Order

requires any party to produce otherwise privileged documents, information, or materials.

2. **Designation of Confidentiality.**

   a. **Production**

   Any party responding to requests for production, a subpoena, a deposition notice, a request for admission, or an interrogatories may – acting in good faith – designate the responsive information as "CONFIDENTIAL" (hereafter referred to as "information designated as confidential"). That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "CONFIDENTIAL." Along with the information designated as confidential, the party making the designation must also serve a log of all information indexing those materials and the basis upon which the designation is made pursuant to FRCP 26(c). The log must identify each document produced using a bates number for reference.

   b. **Deposition Testimony**

   A party need not tender any designations during the course of a deposition in order to preserve the right to designate testimony as confidential as set forth below. Consequently, no party may tender any such designations during any deposition.

   A party who intends to designate portions of deposition testimony as "CONFIDENTIAL" must notify the other parties of that intent, request an expedited copy of transcript at the conclusion of the deposition, and take all steps necessary to obtain that transcript on an expedited basis. Within 14 days after receipt of the depositions transcript, a party may designate as confidential only those portions of the transcript which contain confidential matters by affixing a stamp conspicuously designating the information as "CONFIDENTIAL" on only those pages of the transcript which the party seeks to protect. The designating party must identify any pages containing confidential information in its log.

If the party has taken all the steps to obtain an expedited transcript of a deposition, that deposition testimony will be treated as "CONFIDENTIAL" until the expiration of the 14 day period described above. A party making any designations shall serve upon all counsel of record a complete copy of the transcript including those portions containing the designations. Any portions of a transcript designated as "CONFIDENTIAL" shall thereafter be treated as "CONFIDENTIAL" in accordance with this order.

3. **Protection of Information Designated as Confidential.**

Any *information designated as confidential* shall be protected under the terms of this Order until such time as 1) the Court rules on objections to the designation pursuant to a motion by designating party, 2) the designating party waives its assertion of confidentiality expressly in writing, or by failure to file a timely motion for a protective order, 3) the documents are submitted to the Court in connection with a dispositive motion or at trial of this matter, subject to the conditions set forth in paragraph 5. At that time, the materials cease to be subject to the protections of this order and the information may be used in any fashion consistent with other materials obtained through discovery.

4. **Use of Information Designated as Confidential.**

Any information which is protected as confidential may not be used outside this case and may only be used in this litigation. This information may only be disclosed to

a. Attorneys appearing in this case and attorneys within that attorney's firm.

b. Staff, office personnel, consulting attorneys, experts, and consulting experts. associated with the attorneys appearing in this case.

c. Experts who have been retained to provide testimony in this case.

d. Witnesses.

e.        Deponents.

f.        The Court and its personnel including any jury in this case.

g.       Court reporters engaged to transcribe the proceedings or discovery in this case.

h.       General Counsels, both "inside" and "outside" general counsels included, of any party.

i.        Defendant's insurance carrier.

Each person – excepting the Court and its personnel – who receives material subject to the protections of this order shall be given a copy of this order prior to receiving the materials and execute a copy of the acknowledgment attached Exhibit A to this order.  No person apart from counsel who have appeared on the record for the parties to this matter may be provided with any material designated as "**CONFIDENTIAL**" unless that person has executed that acknowledgment.

5.      **<u>Objections to the Designation of Confidentiality.</u>**

Within 14 days of receiving information designated as confidential, the receiving party must either object to the designation, or else waive any objection to the designation.  A party who objects to the designation shall within that 14 day period, serve objections to the designation and requests in writing a conference to resolve the conflict.  The party asserting the designation is responsible for making good faith efforts to arrange that conference.  If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move within 21 days of receiving the objections, for a protective order under Rule 26(c).  The failure to move for a protective order within that 21 day period waives the designation.  The parties shall treat any documents or other materials that have been designated "**CONFIDENTIAL**" as Confidential until such time as the Court rules that such materials should not be treated as Confidential or the designating party waives confidentiality.

**6.** **Use of Confidential Materials in Filings and At Trial**

Information protected as confidential submitted in connection with a dispositive motion or at trial pursuant to this Order is subject to the following limitations.

    **a.** **In Dispositive Motion Practice.**

A party may use any information that is protected as confidential in connection with a dispositive motion but must file that dispositive motion and all accompanying exhibits under seal pursuant to the terms of Local Civil Rule 10.6(b) and the procedure in this subsection (a) applies.

        **i.** A party seeking to maintain the dispositive motion and document as sealed must file a motion within 25 days to maintain the document under seal. If any party files such a motion to maintain the record under seal, then the dispositive motion and exhibits will remain under seal until such time as the Court rules on that motion to seal.

        ii. If no motion to seal is timely filed, the parties agree to entry of the attached Stipulated Order, attached as Exhibit B, that the dispositive motion and exhibits are released from the seal. In this event, the dispositive motion and exhibits become part of the public record and cease to be confidential.

    **b.** **At Trial**

A party may use any information designated as confidential as an exhibit in connection with trial, and the procedure in this subsection (b) applies.

A party seeking to use information designated as confidential must identify that information in the Joint Final Pretrial Report unless such information is only offered on rebuttal. The party

seeking to maintain any such information that has been identified in the Joint Final Pretrial Report as  confidential, must move prior to trial to place the document under seal.

If information designated as confidential is offered at trial on rebuttal, a party seeking to maintain the information  as confidential must tender a contemporaneous motion to the Court.

If any party makes a timely motion to maintain the exhibit under seal then the exhibit will remain under seal until such time as the Court rules on the motion.   If no motion to seal is timely filed, the exhibit becomes part of the public record upon its admission into evidence.

**7.      Use of Confidential Materials in Non-Dispositive Motions**

If any *information   protected as confidential* is submitted in connection with a non -dispositive motion pursuant to this Order is subject to the following limitations.  A party may use any information which is protected as confidential in connection with a non-dispositive motion by filing that motion and all accompanying exhibits under seal.  Such documents will remain under seal unless otherwise ordered by the Court.

**8.      Disposition of Materials Designated as Confidential**

At the conclusion of the case, any party who has received information designated as confidential which have been identified on a log, shall either a) return those material which have not been submitted to the Court; or b) as set forth below, destroy those documents which have not been submitted to the Court.

A party who elects to destroy confidential materials must a) shred all paper copies of documents containing the confidential materials using either an in-house shredder or through a secure outside shredding firm, however non-confidential portions of such materials need not be shredded; b) destroy any optical or other removable media containing such confidential material; and 3) using delete commands available on the operating system of the computer upon which such

confidential material resides, delete from any computers within the receiving party's care, custody or control, any copies of files containing confidential material; to the extent that a party seeks to preserve non-confidential portions of such files, that party may print those non-confidential portions and preserve them in paper form or electronically; if such confidential material cannot be segregated from non-confidential material, the entirety of the material must be deleted.

**9.** **Jurisdiction of the Court**

The Court will retain jurisdiction over the parties for purposes of enforcement or modification of this order.

**SO ORDERED**

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 3, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 3, 2012, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

Stipulated To By:

s/Julie A. Petrik (P47131)
Attorney For Plaintiff
Lyngklip & Associates Consumer Law Center,
PLC
Southfield, MI 48075
(248) 208-8864
JuliePetrik@Att.Net

s/ by consent Chiara Mattieson (P64390)
Attorney for National Action Financial
Services, Inc.
Plunkett Cooney
38505 Woodward Ave, Suite 2000
Bloomfield Hills, MI 48304
(248) 594-6328
cmattieson@plunketcooney.com

# Exhibit A

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION


JOSEPH BRENNAN
     Plaintiff


 -vs-                            Case No. 12-10551
                                     Hon. Robert H. Cleland
NATIONAL ACTION FINANCIAL SERVICES, INC.,
     Defendant


---

## Acknowledgment of Receipt of Stipulated Blanket Protective Order Governing Assertions of Confidentiality and Trade Secret Status

I _____ (Print Name) acknowledge that

I have read and that I understand the **Stipulated Blanket Protective Order** entered in this action

and agree to abide by its terms and conditions.  As a condition to access by me to documents

designated by the parties to this action as "CONFIDENTIAL," I agree to submit to the jurisdiction

of the United States District Court for Eastern District of Michigan -- Southern Division in

connection with nay alleged breach by me of that order.


_____(Signature)

_____ (Print Name)

Exhibit B

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION


JOSEPH BRENNAN
        Plaintiff


-vs-                                        Case No. 12-10551
                                            Hon. Robert H. Cleland


NATIONAL ACTION FINANCIAL SERVICES, INC.,
        Defendant


## <u>**STIPULATED ORDER TO UNSEAL RECORD**</u>

Having been advised by the stipulation of the parties below, it is ordered that the Motion

filed on _____ by _____, identified as docket entry [R._____] and all

accompanying exhibits are hereby released from seal, become part of the public record, and cease

to be confidential.


                                    _____
                                    Hon.  Robert H. Cleland,
                                    United States District Court Judge


Entered at_____ on _____


Stipulated To By:


_____        _____
Julie A. Petrik (P47131)               Chiara Mattieson (P-64390)
Attorney For Plaintiff                 Attorney for National Action Financial
Lyngklip & Associates Consumer Law Center,   Services, Inc.
PLC                                    Plunkett Cooney
Southfield, MI 48075                   38505 Woodward Ave, Suite 2000
(248) 208-8864                         Bloomfield Hills, MI  48304
JuliePetrik@Att.Net                    (248) 594-6328
                                       cmattieson@plunketcooney.com